Citation Nr: 21049984
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 17-43 185
DATE: August 13, 2021

ORDER

An initial compensable rating for the service-connected bilateral hearing loss, is denied. 

FINDING OF FACT

For the period on appeal, the Veteran demonstrated hearing acuity corresponding to no worse than Level II for the right ear and Level II for the left ear. 

CONCLUSION OF LAW

The criteria for the assignment of an initial compensable disability rating for the service-connected bilateral hearing loss are not met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 4.1, 4.3, 4.85, 4.86, Diagnostic Code 6100. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from April 1977 to December 1979. 

This case is before the Board of Veterans' Appeals (Board) on appeal from a September 2016 Department of Veterans Affairs (VA) Regional Office (RO) rating decision. In that rating decision, the RO granted, inter alia, service connection for bilateral hearing loss, and assigned an initial noncompensable disability rating, effective from January 14, 2016.

The Veteran's notice of disagreement was received in September 2016. The RO issued a statement of the case in June 2017. The Veteran's VA Form 9, substantive appeal to the Board, was received in August 2017.

In January 2018, the Board denied the claim. The Veteran appealed to the Court of Appeals for Veterans Claims (CAVC or Court). In a September 2018 Order, the Court vacated the Board's January 2018 decision and remanded the matter pursuant to a September 2018 Joint Motion for Remand (JMR). 

In March 2019, May 2021, June 2021 the Board remanded the case to the RO for further development and adjudicative action, namely the inclusion of all audiological examination reports for the examinations conducted during the period on appeal.

Increased Ratings

Disability ratings are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life and employment. See 38 C.F.R. § 4.10.

In deciding this appeal, the Board has considered whether separate ratings for different periods of time, based on the facts found, are warranted, a practice of assigning ratings referred to as "staging the ratings." See Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2008).

Disability ratings for service-connected hearing loss range from noncompensable to 100 percent based on the organic impairment of hearing acuity.

Hearing impairment is measured by the results of controlled speech discrimination tests together with the average hearing threshold levels (which in turn, are measured by pure tone audiometric tests in the frequencies of 1000, 2000, 3000 and 4000 cycles per second (Hertz)). See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992) (defective hearing is rated on the basis of a mere mechanical application of the rating criteria). See also Martinak v. Nicholson, 21 Vet. App. 447, 455 (2007). 

An examination for hearing impairment for VA purposes must be conducted by a state-licensed audiologist and must include a controlled speech discrimination test (Maryland CNC) and a pure tone audiometry test. See 38 C.F.R. § 4.85(a). Examinations will be conducted without the use of hearing aids. Id. 

The provisions of 38 C.F.R. § 4.85, Table VI establish eleven auditory acuity levels represented by Roman numeral designations from I to XI based on a combination of pure tone threshold average (vertical columns) and speech discrimination scores (horizontal rows). The Roman numeral designation is located at the point where the percentage of speech discrimination and pure tone threshold average intersect. See 38 C.F.R. § 4.85(b). 

Table VIa provides numeric designation of hearing impairment based only on pure tone threshold average, and is used when the examiner certifies that use of the speech discrimination test is not appropriate because of language difficulties, inconsistent speech discrimination scores, etc., or when indicated under the provisions of 38 C.F.R. § 4.86. See 38 C.F.R. § 4.85(c). Puretone threshold average, as used in Tables VI and VIa, is the sum of the pure tone thresholds at 1000, 2000, 3000, and 4000 Hertz, divided by four. This average is used in all cases (including those in 38 C.F.R. § 4.86) to determine the Roman numeral designation for hearing impairment from Table VI or VIa. See 38 C.F.R. § 4.85(d). 

Table VII under 38 C.F.R. § 4.85, is used to determine the percentage evaluation (disability rating to be assigned) by combining the Roman numeral designations for hearing impairment of each ear. The horizontal rows represent the ear having the better hearing and the vertical columns the ear having the poorer hearing. The percentage evaluation is located at the point where the row and column intersect. See 38 C.F.R. § 4.85(e). 

If hearing loss is service-connected for only one ear, in order to determine the percentage evaluation from Table VII, the non-service-connected ear will be assigned a Roman numeral designation for hearing impairment of I. See 38 C.F.R. § 4.85(f). 

Cases involving exceptional patterns of hearing impairment are addressed under 38 C.F.R. § 4.86. When the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000 and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. 38 C.F.R. § 4.86(a). Each ear is evaluated separately. Additionally, when the pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. See 38 C.F.R. § 4.86(b). The numeral will then be elevated to the next higher Roman numeral. Id. Each ear will be evaluated separately. 

Entitlement to an initial compensable rating for the service-connected bilateral hearing loss.

The veteran contends that his service-connected hearing loss disability warrants a compensable disability rating. 

The Veteran's service-connected bilateral hearing loss disability has been assigned an initial noncompensable disability rating effective January 14, 2016, pursuant to 38 C.F.R. § 4.85, Diagnostic Code 6100 . The evidence of record includes four audiological examinations. 

The Veteran underwent a private audiological examination in January 2016 (which has also been referred to as a February 2016 private examination, as the record does not contain a private examination from February 2016); however, it is unclear whether the word recognition test results were based on the Maryland CNC Word List is as required by regulation under 38 C.F.R. § 4.85(a). Accordingly, the findings from the private audiology report may not be used to determine the level of severity of the Veteran's hearing loss. That notwithstanding, the pure tone thresholds noted on the audiogram at 1000, 2000, 3000 and 4000 Hz appear to be no worse than documented during VA examinations, as noted below. 

On the authorized audiological evaluation in May 2016, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 25 30 40 60 75

LEFT 30 35 40 55 65

Speech audiometry revealed speech recognition ability of 84 percent in the right ear and of 94 percent in the left ear.

The pure tone average (of 1000, 2000, 3000 & 4000 Hz) was 51.25 (rounded down to 50) in the right ear and 48.75 (rounded up to 49) in the left ear. Applying the criteria set forth in 38 C.F.R. § 4.85 to these audiometric results yields a Roman numeral II for the right ear based on Table VI; and a Roman numeral I for the left ear, based on Table VI. When these figures are applied to Table VII, the result is a noncompensable disability rating. The VA examiner diagnosed sensorineural hearing loss for both ears. As to functional loss, the Veteran reported sometimes not being able to hear things correctly.

The record reflects that the Veteran was seen for a hearing evaluation on an outpatient basis in August 2019. The Board made multiple attempts to obtain any audiograms associated with that non C&P audio examination, and to date, none have been located, and additional attempts to obtain a document that may not even exist would be futile, as the evidence of record provides ample probative findings to adequately decide this appeal. First, it is certainly reasonable to infer that the Veteran's hearing loss will continue to deteriorate as he ages. As such, it is not expected that hearing data from 2019 would be worse than the hearing data from 2021, three years later. Moreover, while the exact audiometric pure tone thresholds from the August 2019 examination are not provided, the audiometric findings in the narrative report from the August 2019 hearing examination indicate mild sloping to severe hearing loss in the right ear from 1000 Hz to 8000 Hz, and a speech discrimination score of 88 percent; and, mild sloping to profound hearing loss in the left ear from 1000 Hz to 8000Hz with a speech discrimination score of 84 percent. While the precise pure tone thresholds are not indicated at 1000, 2000, 3000 and 4000 Hz, these findings are nevertheless relatively consistent with the trend of less severe hearing loss at the lower frequencies, sloping upward at each successive frequency, with severe to profound loss shown at the extreme high frequencies, as shown from the June 2021 authorized audiological examination as noted below. 

On the authorized audiological evaluation in June 2021, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 20 25 35 65 75 

LEFT 25 25 30 55 65 

Speech audiometry revealed speech recognition ability of 86 percent in the right ear and of 86 percent in the left ear. 

Notably, these examination findings also include pure tone thresholds of 85 and 95+ decibels in the right ear at 6000 and 8000 Hz, respectively; and, 80 and 90 decibels in the left ear at 6000 and 8000 Hz, respectively. As noted above, this is consistent with the narrative report from August 2019 noting similar upsloping thresholds to severe and/or profound findings in the highest frequencies.

In June 2021, the pure tone average (of 1000, 2000, 3000 & 4000 Hz) was 50 in the right ear and 43.75 (rounded up to 44) in the left ear. Applying the criteria set forth in 38 C.F.R. § 4.85 to these audiometric results yields a Roman numeral II for the right ear based on Table VI; and a Roman numeral II for the left ear, based on Table VI. When these figures are applied to Table VII, the result is a noncompensable disability rating. The VA examiner diagnosed sensorineural hearing loss for both ears. As to functional loss, the Veteran reported difficulty with communication.

Treatment records do not provide any additional evidence of worsening hearing loss. 

Upon review of the evidence, for the period on appeal the assignment of a compensable rating for bilateral hearing loss is not warranted. The VA examinations from May 2016 and June 2021 do not show an exceptional pattern of hearing loss; and, they reflect no worse than Level II hearing acuity for the right ear and Level II hearing acuity for the left ear. The assignment of disability evaluations for hearing impairment is a mechanical application of the rating criteria from which the Board cannot deviate. See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). 

Although the Veteran asserts that his hearing loss disability warrants a compensable rating, the Board is bound in its decisions by the VA regulations governing the rating of hearing loss. Rating hearing loss requires the use of the Maryland CNC speech discrimination test and the puretone threshold average determined by an audiometry test. Application of the schedule to the facts of this case shows that ratings higher than those currently assigned are not warranted. There is no competent medical evidence of record to contradict these findings. 

Functional impairment due to hearing loss that is compounded by background or environmental noise is a disability picture that is considered in the current schedular rating criteria. As observed above, this exercise is a mechanical one, with no interpretative leeway. Id. at 349. 

Additionally, there is no probative evidence showing that the Veteran met the criteria for a compensable rating during the appeal period. While the Veteran contends an increased evaluation for bilateral hearing loss is warranted for the claimed period, the ratings assigned are based on a mechanical formula which does not leave room for lay interpretation. Accordingly, the Veteran's lay statements regarding the observable loss of hearing is outweighed by the results from objective testing. 

As such, the preponderance of the evidence is against the assignment of a compensable rating for service-connected bilateral hearing loss.

In reaching such decision, the Board has considered the applicability of the benefit of the doubt doctrine. However, the preponderance of the evidence is against the Veteran's claim for an increased rating. As such, that doctrine is not applicable in the instant appeal, and his claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Other Considerations

Potential entitlement to a total disability rating based on individual unemployability (TDIU) is an element of all increased rating requests. See Rice v. Shinseki, 22 Vet. App. 447 (2009). Here, the record is replete with evidence suggesting that the Veteran is unable to secure and maintain gainful employment due to his service-connected bilateral hearing loss. Further, neither the Veteran nor his attorney has raised any issue of TDIU, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 69-70 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). 

 

L. B. CRYAN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board N. Ardalan, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.